Lee Stein (#12368)
lee@mscclaw.com
Michael Morrissey (#012531)
michael@mscclaw.com
MITCHELL | STEIN | CAREY | CHAPMAN, PC
One Renaissance Square
2 North Central Avenue, Suite 1450
Phoenix, AZ 85004
Telephone:  (602) 358-0292
Facsimile:   (602) 358-0291
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) CR-17-0585-02-PHX-JJT |
| | ) |
| Plaintiff, | ) **MOTION TO DISMISS COUNT 1-** |
| | ) **FAILURE TO ALLEGE AN OVERT** |
| v. | ) **ACT** |
| | ) |
| Peter Nathan Steinmetz, et al., | ) |
| | ) |
| Defendant. | ) |
| | ) |

Defendant Peter Nathan Steinmetz (hereafter "Dr. Steinmetz") hereby moves to dismiss count one of the indictment, charging him with Conspiracy to Operate an Unlicensed Money Transmitting Business, in violation of 18 U.S.C. § 371, on the grounds that no overt act is alleged, thus rendering the indictment on count one defective.

**Background**

Dr. Steinmetz has been charged with two counts of an 8-count indictment.  The charges he is facing are that he engaged in unlicensed money transmitting and that he conspired to do so.  The indictment provides no detail as to how he violated either count one or count two, other than to say, in language preceding the Counts charged,

"Defendants . . . enabled their customers to exchange cash for 'virtual currencies' charging a fee for their service." [Indictment, Doc. 18, ¶ 3]

**Argument**

The law requires that where the government charges a conspiracy under 18 U.S.C. § 371, "[t]he government, to prevent the indictment from being found defective on its face, 'must allege and prove the commission of at least one overt act by one of the conspirators." *United States v. Dolan*, 120 F. 3d 856, 864 (9th Cir. 1997) (emphasis added); *United States v. Garcia-Santana*, 774 F.3d 528, 535 (9th Cir. 2014) ("The federal government's general conspiracy statute, which criminalizes conspiracies to commit any offense against the United States, or to defraud the United States also requires an overt act. 18 U.S.C. § 371."); *see also* 9th Circuit Criminal Jury Instruction 8.20 Conspiracy – Elements ("Third, one of the members of the conspiracy performed at least one overt act . . . for the purpose of carrying out the conspiracy"); U.S. Attorneys' Manual, Title 9, Section 923. 18 U.S.C. § 371 – Conspiracy to Defraud the United States ("Both offenses require the traditional elements of Section 371 conspiracy, including an illegal agreement, criminal intent, and proof of an overt act") (emphasis added).[1]

The failure to allege any overt act is not merely technical; it is of both practical and constitutional significance. As a practical matter, the failure to allege the nature of the supposed agreement giving rise to the conspiracy charge handicaps the defendant in mounting a defense. *See Garcia-Santana*, 774 F. 3d at 537 ("The contemporary overt act requirement thus developed to guard against the punishment of evil intent alone, and to assure that a criminal agreement actually existed"). The failure is of constitutional magnitude too, because failing to allege any overt act violates the Sixth Amendment's guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right …to be informed of the nature and cause of the accusation." U.S. Const. amend VI; *see, e.g., also Russell v. U.S.*, 369 U.S. 749, 760-63 (1962) (tracing constitutional roots of

---

[1] Counsel for Dr. Steinmetz raised the issue of the failure of the indictment to allege an overt act with the AUSAs assigned to this matter. In response, the government stated its position that there was no defect in count one.

indictment requirements and noting that in addition to stating elements of offense, proper indictment must "sufficiently apprise the defendant of what he must be prepared to meet").

Nowhere in the Indictment does it allege an overt act. That is important in this case, where there is no evidence that the defendants operated a business by doing things such as renting a location from which to conduct the business, printing business cards, registering a business name, having a telephone number or website, or any of the other traditional hallmarks of a business. This failure to allege any overt act in which Dr. Steinmetz supposedly engaged in furtherance of the charged conspiracy is fatal as a matter of law.

**Conclusion**

The Court should dismiss count one because it fails to allege an overt act.

RESPECTFULLY SUBMITTED on October 27, 2017.

MITCHELL | STEIN | CAREY | CHAPMAN, PC

By: */s/ Lee Stein*
Lee Stein
Attorneys for Defendant

I certify that on October 27, 2017 I electronically transmitted a PDF version of this document to the Clerk of Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Clerk's Office
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

Matthew Binford
Fernanda Carolina Escalante Konti
Assistant U.S. Attorneys
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, AZ 85004
Attorneys for Plaintiff

Maria Weidner
Assistant Federal Public Defender
850 W. Adams Street, Suite 201
Phoenix, Arizona 85007

*/s/ Julie Greenwood*