Lee Stein (#12368)
lee@mscclaw.com
Michael Morrissey (#012531)
michael@mscclaw.com
MITCHELL | STEIN | CAREY | CHAPMAN, PC
One Renaissance Square
2 North Central Avenue, Suite 1450
Phoenix, AZ 85004
Telephone:  (602) 358-0292
Facsimile:   (602) 358-0291
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) CR-17-0585-02-PHX-JJT |
| | ) |
| Plaintiff, | ) **MOTION TO DISCLOSE GRAND** |
| | ) **JURY INSTRUCTIONS AND** |
| v. | ) **TRANSCRIPTS** |
| | ) |
| Peter Nathan Steinmetz, et al., | ) |
| | ) |
| Defendant. | ) |
| | ) |

Defendant Peter Nathan Steinmetz ("Dr. Steinmetz") hereby moves for disclosure of the grand jury instructions and the portions of the grand jury transcript relating to counts one and two of the superseding indictment, pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(ii).

**Background**

Dr. Steinmetz is charged in counts one and two of an eight-count indictment, with operating an unlicensed money transmitting business in violation of 18 U.S.C. § 1960 (Count Two) and with conspiring to do so in violation of 18 U.S.C. § 371 (Count One). (Doc. 18, Indictment ¶¶ 4-5.) As part of the investigation and preparation of the defense,

counsel for Dr. Steinmetz asked the government to disclose: (1) the testimony of any testifying agent before the grand jury and (2) the legal instructions to the grand jury regarding the offenses with which Dr. Steinmetz has been charged. [Ex. 1, Sept. 28, 2017 Letter from Michael Morrissey to Matthew Binford and Carolina Escalante Fernanda Konti.] The government declined in an email dated October 5, 2017. [Ex. 2, Oct. 5, 2017 email from Matthew Binford to Michael Morrissey.] Dr. Steinmetz's counsel sought further clarification, in a response email dated October 5, 2017. [Ex. 3, Oct. 5, 2017 email from Lee Stein to Matthew Binford.] The government never responded.

The government's case against Dr. Steinmetz rests on the theory that he and Defendant Costanzo were together operating "an unlicensed money transmitting business," in violation of 18 U.S.C. § 1960 (and that they conspired to do so). Although the statute is not exactly a picture of clarity, § 1960 does provide some insight into what "money transmitting" means – it involves "transferring funds **on behalf of the public** by any and all means." 18 U.S.C. § 1960(b)(2) (emphasis added). And the courts have provided further guidance, explaining that "[t]o qualify as an 'unlicensed money transmitting business' under § 1960, a business must a) transfer, on behalf of the public, b) funds, and c) do so in violation of state or federal licensing and registration requirements, or with knowledge that the funds were derived from a criminal offense." *United States v. Murgio*, 209 F. Supp. 3d 698, 706 (S.D.N.Y. 2016) (emphasis added) (analyzing elements of § 1960 in specific context of alleged transmission of bitcoin).

Giving further detail about what § 1960 proscribes, the Second Circuit has held that to fall within the ambit of the statute, "the business must transmit money to a recipient in a place that the customer designates, for a fee paid by the customer." *United States v. Banki*, 685 F.3d 99, 113 n.9 (2d Cir. 2012), as amended (Feb. 22, 2012) (emphasis added); see also *id.* at 113 (holding that this description of a money transmitting business is "legally correct"). Nowhere in the language of the statute, and nowhere in any decision of any court construing § 1960, is there language that imposes

criminal liability for people, like Dr. Steinmetz, who merely traded in bitcoin for their own investment purposes.

It appears as though the government did not recognize this important legal distinction. In fact, when counsel for Dr. Steinmetz asked the government for clarification on this very point, counsel for the government *nowhere* addressed the statutory language or judicial decisions construing it. Instead, the government pointed to the CFR's definition of money transmission services and to guidance from FinCEN stating that an "exchanger" of virtual currency is a money services business and therefore must register under the regulations. [Ex. 4, Sept. 14-15, 2017 email string between counsel for Dr. Steinmetz and AUSAs Binford and Escalante Konti.] Counsel for Dr. Steinmetz then sent a letter to the government further articulating the concern that the government is not correctly applying the statute and asking for the grand jury testimony and instructions to determine if this concern is real. [See Ex. 1, Sept. 28, 2017 Letter from Michael Morrissey to Matthew Binford and Fernanda Carolina Escalante Konti re Grand Jury transcript and legal instructions.] The government responded, declining to provide the requested information and characterizing the concern of defense counsel as "quite a stretch." [Ex. 2, Oct. 5, 2017 email from Matthew Binford to Michael Morrissey re Dr. Steinmetz.] Even if the regulations or FinCEN's administrative guidance proscribed Dr. Steinmetz's conduct, which they do not, neither the CFR nor FinCEN's administrative guidance can form the basis for criminal liability under Section 1960 – that is the exclusive province of Congress. *See, e.g.*, *United States v. Wolf*, 820 F.2d 1449, 1505 (9th Cir. 2005) (reversing and remanding a conviction because the government improperly used a civil regulation "to supply a crucial element" of a criminal violation).

. . .

. . .

. . .

**Argument**

A. <u>The Grand Jury Instructions</u>

Dr. Steinmetz seeks disclosure of the instructions that were provided to the grand jury, in order to determine whether it was properly instructed on the law.[1] Rule 6(e)(3)(E)(ii) of the Federal Rules of Criminal Procedure provides that: "[t]he court may authorize disclosure - at a time, in a manner, and subject to any other conditions that it directs - of a grand jury matter . . . at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Rule 6(e) "intends to protect only the essence of grand jury proceedings that 'reveal some secret aspect of the inner workings of the grand jury.'" *United States v. Diaz*, 236 F.R.D. 470, 476 (N.D. Cal. 2006) (quoting *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1413 (9th Cir. 1993)). The Ninth Circuit has held that Rule 6(e) seeks to:

> "(1) prevent the escape of prospective indictees, (2) insure the grand jury of unfettered freedom in its deliberations, (3) impede the subornation of perjury and tampering of witnesses by targets of the investigation, (4) encourage forthrightness in witnesses without fear of retaliation, and (5) act as a shield for those who are exonerated by the grand jury."

*Id.* (quoting *In re Special Grand Jury (for Anchorage, Alaska)*, 674 F.2d 778, 782-83 (9th Cir. 1982)). In evaluating a request for disclosure, the Ninth Circuit has directed district courts to "consider whether disclosure would threaten the legitimate interests of the government, grand jurors, or other persons connected with the grand jury proceedings." *Id.* (citing *Special Grand Jury*, 674 F.2d at 782 n.4). This is "an instructive standard, which permits disclosure of ministerial grand jury records that do not reveal the substance or essence of the grand jury's investigation or deliberations." *Id.*

In *Diaz*, the court considered a request to disclose grand jury instructions and agreed with the defendants "that such instructions do not fall within the bar of Rule 6(e)

---

[1] While under some circumstances, it may not be necessary for a grand jury to be given instructions at all, the government's response makes clear that this particular grand jury did receive instructions, and those instructions included the regulation defining "money transmission services" in some way.

-4-

because their disclosure would not reveal the substance or essence of the grand jury proceedings." 236 F.R.D. at 477-78. In the same vein, the Ninth Circuit has stated that "[t]he proceedings before the grand jury are secret, but the ground rules by which the grand jury conducts those proceedings are not." *United States v. Alter*, 482 F.2d 1016, 1029 n.21 (9th Cir. 1973); *see also United States v. Belton*, No., 2015 WL 1815273, at *3 (N.D. Cal. Apr. 21, 2015) (applying *Alter* and granting motion to disclose grand jury instructions). While, in general, a party seeking disclosure of grand jury materials under Rule 6(e) must demonstrate a particularized need for the information, the court in *Belton* concluded:

> The legal instructions given to the grand jury regarding the charges on which they are deliberating are a part of the "ground rules" by which the grand jury conducts its proceedings. *The instructions do not reveal the substance of the grand jury's deliberative process or other information that would compromise the secrecy that Rule 6 seeks to protect.* Therefore, Defendant is entitled to disclosure of these instructions even without a showing of particularized need.

2015 WL 1815273, at *3 (emphasis added). Because the grand jury instructions do not reveal the substance of the grand jury's deliberative process or any other secret information, disclosure to Dr. Steinmetz is not barred by Rule 6(e) and given the exchange between the government and counsel and the confusing nature of the law, the significant risk that the grand jury was not properly instructed justifies the disclosure.

Even if a showing of particularized need were required before grand jury instructions may be disclosed, Dr. Steinmetz meets that standard too. There may be grounds to move for dismissal of the indictment based on the inadequacy or inaccuracy of the instructions. Courts have found error where the government incompletely or erroneously provides legal instruction to the grand jury. *See Bank of Nova Scotia v. United States*, 487 U.S. 250, 256-57 (1988); *United States v. Brito*, 907 F.2d 392, 394 (2d Cir. 1990), *United States v. Kasper*, No. 10-cr-318 (HBS), 2011 WL 7098042, at *7 (W.D.N.Y. June 20, 2011); *United States v. Peralta*, 763 F. Supp. 14, 20-21 (S.D.N.Y. 1991). "[W]here a prosecutor's legal instruction to the grand jury seriously misstates the

applicable law, the indictment is subject to dismissal if the misstatement casts grave doubt that the decision to indict was free from the substantial influence of the erroneous instruction." *United States v. Stevens*, 771 F. Supp. 2d 556, 567 (D. Md. 2011).

Here, if the grand jury was instructed that the CFR or guidance from FinCEN defines the scope of liability under Section 1960, or if the grand jury was led to believe (and we suspect that it was) that a transaction in which one party sells bitcoin directly to another party, even when there is no transfer to another location or party violates 18 U.S.C. § 1960, then the grand jury was seriously misled as to the legal standard and likely would not have indicted this case if it understood the correct legal standard.

B. <u>The Transcript of Testifying Agents</u>

Dr. Steinmetz also seeks disclosure of the testimony of any agents who addressed the grand jury on matters related to counts one and two.[2] Parties seeking grand jury transcripts pursuant to Rule 6(e) "must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979). "Discovery of grand jury transcripts may be ordered if the party seeking disclosure has demonstrated that a particularized need exists that outweighs the policy of grand jury secrecy." *United States v. Murray*, 751 F.2d 1528, 1533 (9th Cir. 1985).

The need to avoid the injustice of a possibly faulty indictment is a particularized need that outweighs the interest in grand jury secrecy. *See, e.g.*, *United States v. Way*, No. 1:14-CR-00101-DAD-BAM, 2015 WL 8780540, at *2-3 (E.D. Cal. Dec. 15, 2015) (explaining that a particularized need exists where the defendant has non-speculative reason to believe that the indictment was based on an incorrect statement of the legal standard). This need outweighs the important interest in grand jury secrecy "[A]s the considerations justifying secrecy become less relevant, a party asserting a need for grand

---

[2] Such material is properly produced pursuant to Federal Rule of Criminal Procedure 26.2; Dr. Steinmetz has requested discovery under Rule 26.2 as well.

-6-

jury transcripts will have a lesser burden in showing justification." *Douglas Oil Co.*, 441 U.S. at 223. The burden to justify disclosure of grand jury transcripts is lessened where the grand jury has already returned an indictment. *See United States v. Dynavac*, Inc., 6 F.3d 1407, 1412 (9th Cir. 1993) ("When the grand jury investigation is already terminated and an indictment has been issued, only "institutional" concerns are implicated by the documentary disclosure.").

For the same reasons articulated above in relation to the grand jury instructions, testimony of the agents to the grand jury that impacted the grand jury's understanding of the appropriateness of applying 18 U.S.C. § 1960 to Dr. Steinmetz's personal bitcoin trades could provide grounds to dismiss the indictment. *See id.* at *4; *see also* Fed. R. Crim. P. 6(e)(3)(E)(ii). Dr. Steinmetz seeks the testifying agents' testimony in order to ascertain whether the grand jury understood that if Dr. Steinmetz was merely trading bitcoin for his own investment purposes, and not exchanging currency on behalf of the public and transmitting the currency to another person or location, he was not acting in violation of 18 U.S.C. § 1960. On the other hand, if the agents' testimony suggested (as we suspect it did) that it was a violation of the statute to engage in a two-party sale of bitcoin for cash, the Grand Jury was misled.

In *Way*, the court acknowledged "the statutory language and strong public policy for secrecy of grand jury proceedings," but found that where the grand jury had concluded its investigation and issued an indictment, there were no longer any security issues for grand jurors or witnesses, and "the strong public policy must yield to disclosure." *Way*, 2015 WL 8780540, at *5. Here too, the grand jury's investigation has concluded, an indictment has been issued, and there are no remaining security concerns for witnesses or grand jurors. On the other side of the balance, a strong public policy interest compels disclosure in order to avoid injustice. These materials will ultimately be disclosed as the case progresses in any event, and no additional or special harm would result to the government or the grand jury process by disclosing this narrowly-tailored request now.

**Conclusion**

Dr. Steinmetz is entitled to disclosure of the grand jury instructions even without a particularized need, but he has demonstrated a particularized, non-speculative need for disclosure of the instructions and those portions of the grand jury transcripts that contain the testimony of agents. This need outweighs the interest in grand jury secrecy, especially where the grand jury has concluded its investigation and returned an indictment. Dr. Steinmetz's request is narrowly tailored to address his needs and covers materials that the government will disclose as a matter of course later in the case regardless. Accordingly, the Court should grant this Motion and direct the government to disclose these two categories of items.

RESPECTFULLY SUBMITTED on October 30, 2017.

MITCHELL | STEIN | CAREY | CHAPMAN, PC

By: */s/ Lee Stein*
    Lee Stein
    Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I certify that on October 30, 2017, I electronically transmitted a PDF version of this document to the Clerk of Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Clerk's Office
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

Matthew Binford
Fernanda Carolina Escalante Konti
Assistant U.S. Attorneys
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, AZ 85004
Attorneys for Plaintiff


*/s/ Stephanie King*