

**EXHIBIT 1**



ATTORNEYS AT LAW

One Renaissance Square
2 North Central Ave., Suite 1450
Phoenix, AZ 85004
MSCCLaw.com

**Michael Morrissey**
**P** 602 358 0298 | **M** 602 828 0114 | **F** 602 358 0291
michael@MSCCLaw.com

September 28, 2017

**VIA EMAIL AND US MAIL**

Matthew Binford
Fernanda Carolina Escalante Konti
United States Attorneys
U.S. Department of Justice
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ  85004-4408
Matthew.Binford@usdoj.gov
Fernanda.escalante.konti@usdoj.gov

Re: United States v. Costanzo, et al.; CR 17-00585-PHX-JJT
Request for Grand Jury transcript and legal instructions

Dear Matt and Carolina:

We are writing to ask that you provide to us (1) the testimony of any testifying agent before the Grand Jury (such testimony would be produced at a pretrial motions hearing in any event)[1] and (2) the legal instructions to the grand jury regarding the elements of the offenses with which Dr. Steinmetz has been charged.  We appreciate the dialogue we have had to date regarding the law governing 18 U.S.C. § 1960 and other charges in the indictment.  However, based upon that dialogue, we are concerned that the Grand Jury may have been inaccurately instructed on the law and thus a particularized need exists for disclosure of grand jury materials.  *See Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 223-24 (1979); *see also* Fed. R. Crim. P 6(e)(3)(E)(ii).  Given the confusing and vague nature of the statutes and guidance, and the fact that the law has not been clearly developed, such a result is not surprising.

The Government's case against Dr. Steinmetz rests entirely on whether he is engaged in an unlicensed money transmitting business.  18 U.S.C. § 1960.  We note that in our discussions you have referenced 31 CFR 1010.100(ff)(5)(i)(A)'s definition of the term "money transmission services" and

---

[1] We have previously requested discovery under Fed. R. Crim. P. 26.2.  Pursuant to Fed. R. Crim. P. 26.2(f), a witness' statement includes a statement to a grand jury.

Matthew Binford
Carolina Escalante Konti-Fernanda
September 28, 2017
P a g e  | **2**

FinCEN's definition of an "exchanger."  That definition has 2 components: (1) "acceptance of currency, funds, or other value that substitutes for currency from one person," and (2) transmission . . . to another location or person."  We are concerned that the Government's reading of the definition fails to recognize that where a person acts not for "another person" but rather for his or her own account, that person is not a money transmitter.  Moreover, an exchanger is a person engaged as a business in the exchange of currency.  In contrast, a user is a person who obtains virtual currency on the user's own behalf.  These concepts are fleshed out in FinCen's published opinions FIN-2014-R001 (January 30, 2014) "Application of FinCEN's Regulations to Virtual Currency Mining Operations," and FIN-2014-R002 (FinCEN, January 30, 2014) Application of FinCEN's Regulations to Virtual Currency Software Development and Certain Investment Activity," both of which modify FinCEN's definition of user.  The Government's failure to recognize the critical distinction in this case between users and exchangers causes us to be concerned that the Grand Jury was not instructed on these critical definitions.

It is especially important in this case – where the entire case depends upon whether Dr. Steinmetz's conduct in trading Bitcoin for his own investment purposes falls within the ambit of the statute – that the Grand Jury understand the definitions and legal concepts applicable to the case.

We also note that Count 2 of the indictment, in alleging 3 different ways by which Dr. Steinmetz violated 18 U.S.C. § 1960, appears legally unsupportable as to at least 2 of the 3 prongs. While Count 2 references Section 1960(b)(1)(A) as a basis for criminal liability, asserting that an appropriate money transmitting license is required under Arizona law, there is in fact no such requirement under Arizona law.  Further, while Count 2 also references Section 1960(b)(1)(C), asserting that the alleged business involved the transport and transmission of funds that were known to him to have been derived from a criminal offense and were intended by him to be used to promote and support unlawful activity, it appears undisputed that Dr. Steinmetz did <u>not</u> have such knowledge.  As you know, on March 8, 2016, when "Sergei" (the undercover agent) stated to Dr. Steinmetz that Sergei's funds derived from illegal heroin sales, Dr. Steinmetz refused to proceed with the sale of bitcoin, and specifically advised Sergei "we can't do any more deals together, we're done." On numerous other dates Dr. Steinmetz advised Sergei and others that he would not engage in any illegal activity.  Further, the indictment does not charge Dr. Steinmetz with a violation of 18 U.S.C. § 1956(a)(3)(B) &(C), in contrast to Mr. Costanzo, who is charged with that offense in Counts 3-7.

Was the grand jury instructed that as to Dr. Steinmetz, the government's only theory for a violation of 18 U.S.C. § 1960 in Count 2, was that he had violated Section 1960(b)(1)(B), and that to return an indictment, a sufficient number of grand jurors would have to find that Dr. Steinmetz had violated that subsection?

We are hopeful that you will agree to share this information with us and we can avoid filing a motion with the Court.  Please let us know by October 5, 2017 whether you will make the Grand Jury materials we seek available.

Matthew Binford
Carolina Escalante Konti-Fernanda
September 28, 2017
P a g e  | **3**

Very truly yours,

MITCHELL | STEIN | CAREY | CHAPMAN, PC

By:

Michael Morrissey



ATTORNEYS AT LAW

# EXHIBIT 2

**Lee Stein**

| | |
|---|---|
| **From:** | Binford, Matthew (USAAZ) <Matthew.Binford@usdoj.gov> |
| **Sent:** | Thursday, October 05, 2017 3:18 PM |
| **To:** | Michael Morrissey |
| **Cc:** | Lee Stein; Escalante Konti , Fernanda (USAAZ) |
| **Subject:** | RE: Dr. Steinmetz |

Mike,

We are disappointed that you and Lee would request a meeting with us, send a follow-up email with inaccurate information, and then attempt to use our reference to a single definition in the CFR to support your claim that we did not properly instruct the Grand Jury.  As you know, the definition was provided directly from the Code of Federal Regulations in response to Lee's email. To suggest that our brief response to Lee's inquiry somehow reflects the evidence or law presented to the Grand Jury is a quite a stretch.

Please feel free to file your motion.  Also, we think it would be best for all future communication to be in writing.

Thank you,

Matt

**From:** Michael Morrissey [mailto:michael@mscclaw.com]
**Sent:** Thursday, September 28, 2017 3:21 PM
**To:** Binford, Matthew (USAAZ) <MBinford@usa.doj.gov>; Escalante Konti , Fernanda (USAAZ) <fescalantekonti@usa.doj.gov>
**Cc:** Lee Stein <lee@mscclaw.com>; Stephanie King <Stephanie@mscclaw.com>
**Subject:** Dr. Steinmetz

Hi Matt and Carolina:  hard copies to follow.  Regards,  Mike

**PLEASE NOTE NEW ADDRESS AS OF AUGUST 7, 2017**



ATTORNEYS AT LAW

**Michael Morrissey**
MITCHELL | STEIN | CAREY | CHAPMAN, PC
One Renaissance Square
2 North Central Avenue, Suite 1450
Phoenix, AZ  85004
michael@mscclaw.com

Main:     602-358-0290
Fax:      602-358-0291
Direct:   602-358-0298

1



ATTORNEYS AT LAW

**EXHIBIT 3**

**Lee Stein**

| | |
|---|---|
| **From:** | Lee Stein |
| **Sent:** | Thursday, October 05, 2017 3:31 PM |
| **To:** | 'Binford, Matthew (USAAZ)'; Michael Morrissey |
| **Cc:** | Escalante Konti , Fernanda (USAAZ) |
| **Subject:** | RE: Dr. Steinmetz |

Matt – What inaccurate information did we send?  If we mischaracterized the way you instructed the GJ, we'd like to know that.  We'd appreciate it if you would share your instructions so we don't allege something that is inaccurate.  I thought it was pretty clear from the meeting and the email communications that the Government's view is that Dr. Steinmetz's sale of his own Bitcoin in exchange for cash, with nothing more, constituted illegal money transmitting in violation of 18 USC 1960.  If I am wrong about that, I really would like to know it.  Thanks, Lee

**From:** Binford, Matthew (USAAZ) [mailto:Matthew.Binford@usdoj.gov]
**Sent:** Thursday, October 05, 2017 3:18 PM
**To:** Michael Morrissey <michael@mscclaw.com>
**Cc:** Lee Stein <lee@mscclaw.com>; Escalante Konti , Fernanda (USAAZ) <Fernanda.Escalante.Konti@usdoj.gov>
**Subject:** RE: Dr. Steinmetz

Mike,

We are disappointed that you and Lee would request a meeting with us, send a follow-up email with inaccurate information, and then attempt to use our reference to a single definition in the CFR to support your claim that we did not properly instruct the Grand Jury.  As you know, the definition was provided directly from the Code of Federal Regulations in response to Lee's email. To suggest that our brief response to Lee's inquiry somehow reflects the evidence or law presented to the Grand Jury is a quite a stretch.

Please feel free to file your motion.  Also, we think it would be best for all future communication to be in writing.

Thank you,

Matt

**From:** Michael Morrissey [mailto:michael@mscclaw.com]
**Sent:** Thursday, September 28, 2017 3:21 PM
**To:** Binford, Matthew (USAAZ) <MBinford@usa.doj.gov>; Escalante Konti , Fernanda (USAAZ) <fescalantekonti@usa.doj.gov>
**Cc:** Lee Stein <lee@mscclaw.com>; Stephanie King <Stephanie@mscclaw.com>
**Subject:** Dr. Steinmetz

Hi Matt and Carolina:  hard copies to follow.  Regards,  Mike

**PLEASE NOTE NEW ADDRESS AS OF AUGUST 7, 2017**



**EXHIBIT 4**

# Lee Stein

| | |
|---|---|
| **From:** | Binford, Matthew (USAAZ) <Matthew.Binford@usdoj.gov> |
| **Sent:** | Friday, September 15, 2017 11:41 AM |
| **To:** | Lee Stein; Michael Morrissey |
| **Cc:** | Stephanie King; Escalante Konti , Fernanda (USAAZ) |
| **Subject:** | RE: Dr.  Steinmetz foreign accounts  and conditions of release. |

Lee,

According to 31 CFR 1010.100(ff)(5)(i)(A), "[t]he term 'money transmission services' means the acceptance of currency, funds, or other value that substitutes for currency from one person and the transmission of currency, funds, or other value that substitutes for currency to another location or person by any means."

According to FinCEN, "[a]n exchanger is a person engaged as a business in the exchange of virtual currency for real currency, funds, or other virtual currency."  Bates 001199.  Also, "[a]n administrator or exchanger that (1) accepts and transmits a convertible virtual currency or (2) buys or sells convertible virtual currency for any reason is a money transmitter under FinCEN's regulations, unless a limitation to or exemption from the definition applies to the person."  Bates 001200.  "[A]n administrator or exchanger is an MSB under FinCEN's regulations, specifically, a money transmitter, unless a limitation to or exemption from the definition applies to the person."  Bates 1198.

Have a great weekend,

Matt


**From:** Lee Stein [mailto:lee@mscclaw.com]
**Sent:** Thursday, September 14, 2017 2:44 PM
**To:** Binford, Matthew (USAAZ) <MBinford@usa.doj.gov>; Michael Morrissey <michael@mscclaw.com>
**Cc:** Stephanie King <Stephanie@mscclaw.com>; Escalante Konti , Fernanda (USAAZ) <fescalantekonti@usa.doj.gov>
**Subject:** RE: Dr. Steinmetz foreign accounts and conditions of release.

Thanks Matt – not sure where I got 2014-R003, but it doesn't really matter.  Just trying to understand from you where the government draws the line and I thought what you (or someone in the room) said is that the private sale of bitcoin in exchange for cash is money transmitting.  Would be helpful to know if that is in fact the Government's position so we can respond to that.

**From:** Binford, Matthew (USAAZ) [mailto:Matthew.Binford@usdoj.gov]
**Sent:** Thursday, September 14, 2017 2:36 PM
**To:** Michael Morrissey <michael@mscclaw.com>; Lee Stein <lee@mscclaw.com>
**Cc:** Stephanie King <Stephanie@mscclaw.com>; Escalante Konti , Fernanda (USAAZ) <Fernanda.Escalante.Konti@usdoj.gov>
**Subject:** RE: Dr. Steinmetz foreign accounts and conditions of release.

Mike/Lee:

Thank you for the email.  I do not recall mentioning any specific FinCEN rulings by number, and I do not recall your question being limited to a "private seller" of Bitcoin.  What I do remember is referring to FinCEN's definition of money transmitter (which is available in the CFR and as guidance from FinCEN).  We will get back to you about our position on the release conditions.

Thanks,

Matt


**From:** Michael Morrissey [mailto:michael@mscclaw.com]
**Sent:** Thursday, September 14, 2017 1:10 PM
**To:** Binford, Matthew (USAAZ) <MBinford@usa.doj.gov>; Escalante Konti , Fernanda (USAAZ)
<fescalantekonti@usa.doj.gov>; Lee Stein <lee@mscclaw.com>
**Cc:** Stephanie King <Stephanie@mscclaw.com>
**Subject:** Dr. Steinmetz foreign accounts and conditions of release.

Hi Matt and Carolina:

We wanted to follow up on the issue of whether Dr. Steinmetz's foreign accounts have money in them.   Here are the facts:

Bitfinex (Hong Kong)
USD  $0
BTC  0

Bitkonan (Croatia)
$ 317.01
BTC  0

Bitstamp (UK)
USD  $0
BTC  0

BTC -e (Mayzus)  $0.13   Dr. Steinmetz has been trying to close that account but has had difficulty doing so.    At any rate,  it is $0.13.

Mt. Gox.   As you know, it is in bankruptcy.   Dr. Steinmetz has no access to funds in Mt. Gox while the trustee is working on the bankruptcy.

The Rock Trading Company $3039
USD  $58.71
BTC  0.399
Ripple  8500

Vircurex $23
USD  $18.57
17.86 BTC   Owner of exchange claims exchange was hacked and these btc are not accessible.    Essentially, this means Dr. Steinmetz's btc were stolen and does not have access to them.
4.28 NMC (namecoin)


Please note that this summary shows that Dr. Steinmetz's actions have been to <u>decrease</u> his overseas assets, to the point where he has about $3,500 overseas.  Happy to discuss reducing that, but $3500 is not significant, and does not support that Dr. Steinmetz is a flight risk or that he can cause economic harm such that he is a danger.  I remain

2

concerned that you all have a view of Dr. Steinmetz that is at odds with his efforts to be law abiding, and that is at odds with what the evidence shows.   Two points on that.

1.   Agent Green's hypo that Dr. Steinmetz is encouraging criminal behavior is not supported by the evidence.   What activities does Dr. Steinmetz actually support or encourage?   Education.   See the attached Eloise Steinmetz Educational Trust Agreement, dating back to 2013 where Dr. Steinmetz gifted bitcoin for the education of his niece.   The Trust document was attached as part of the claim by the Education Trust for Dr. Steinmetz's niece, against the government's forfeiture claim.

2.   The statement was made that Dr. Steinmetz "charged 10%" on his bitcoin and therefore he had to know he was dealing with criminals or bad people.   First of all – Dr. Steinmetz did not charge 10%.   Not even close.   Dr. Steinmetz's price was 4-5% different from international markets or exchanges.   Second – bitcoin ATM's charge 8.4% when you are buying from them.   The inference that Dr. Steinmetz's activities are an indication of a red flag, based on price, is not right.   Willing to expand on this point but it is fact that there are people, whether there are libertarians or not, who do not like the Federal Reserve, for example.   Libertarians are not by definition criminals, and the broad brush painted yesterday that Dr. Steinmetz must have known he was dealing with a criminal element, is just not true.

3.   We also seek clarification on another point.   Lee and I asked whether a private seller of bitcoin, in your view necessarily was involved in money transmitting.   If we understood your answer correctly, your view was yes, based on FIN-2014-R003.   We note that FIN-2014-R003 was issued to "clarify circumstances in which a dealer in foreign exchange may accept alternative travel documents…"    Are we correct that is your authority?   We understand the issue that is has to be greater than $1,000, but assuming that,  we are struggling to see how FIN-2014-R003 supports the position we understood you to take yesterday.   If you have different authority, we would appreciate you providing it, in the spirit of trying to resolve this matter.

4.   Please let us know if we can provide information that bear on whether you all can agree with us, and with Pretrial Services on modifications to Dr. Steinmetz's conditions of release.   Regards,  Mike and Lee

**PLEASE NOTE NEW ADDRESS AS OF AUGUST 7, 2017**



ATTORNEYS AT LAW

**Michael Morrissey**
MITCHELL | STEIN | CAREY | CHAPMAN, PC
One Renaissance Square
2 North Central Avenue, Suite 1450
Phoenix, AZ  85004
michael@mscclaw.com

Main:     602-358-0290
Fax:       602-358-0291
Direct:   602-358-0298