Lee Stein (#12368)
lee@mscclaw.com
Michael Morrissey (#012531)
michael@mscclaw.com
MITCHELL | STEIN | CAREY | CHAPMAN, PC
One Renaissance Square
2 North Central Avenue, Suite 1450
Phoenix, AZ 85004
Telephone: (602) 358-0292
Facsimile: (602) 358-0291
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-17-0585-02-PHX-JJT |
| Plaintiff, | **MOTION TO SEVER COUNTS 1 AND 2 FROM COUNTS 3 THROUGH 8** |
| v. | |
| Peter Nathan Steinmetz, et al., | |
| Defendant. | |

Defendant Peter Nathan Steinmetz (hereafter "Dr. Steinmetz") hereby moves to sever Counts 1 and 2 from Counts 3 through 8 on the grounds that they have been misjoined.

**Background**

Dr. Steinmetz has been indicted on two counts of an 8-count indictment. The two counts charging Dr. Steinmetz allege that he and his co-defendant Thomas Costanzo operated an unlicensed money transmitting business and that they conspired to do so. The remaining counts (counts 3 through 8) charge Costanzo (not Dr. Steinmetz) with money laundering, in violation of 18 U.S.C. § 1956(a)(B) & (C) (counts 3-7) and felon in

possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (count 8). The indictment also alleges forfeiture allegations against Costanzo relating to the felon in possession charge. [Doc. 18, Indictment ¶¶ 17-19]

**Argument**

Joinder of defendants is governed by Rule 8(b) of the Federal Rules of Criminal Procedure.  "Joinder is improper under Rule 8(b) unless all defendants 'are alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting an offense or offenses.'" *United States v. Renzi*, No. CR 08-00212-TUC-DCB (BPV), 2009 WL 10675612, at *5 (D. Ariz.  Dec. 11, 2009) (severing misjoined counts).  Unlike under Rule 8(a), where the inquiry is focused on whether the acts are of a similar character, the focus under Rule 8(b) is whether the multiple defendants participated in the same series of acts or transactions.  The evaluation of whether offenses are properly joined "turns on the degree to which they are related." *United States v. Satterfield*, 548 F.2d 1341, 1344 (9th Cir. 1977).  In making this evaluation, the Court will look at what "facts must be adduced to prove each of the joined offenses." *Id.*

In *Satterfield*, two defendants were charged in a single indictment alleging five bank robberies.  Evidence relating to the first, second and fifth robberies pertained solely to acts undertaken by one defendant.  The court determined that the counts relating to those robberies should have been severed under Rule 8(b) because "evidence relating to the first, second, and fifth robberies would have been irrelevant" in a trial of the second defendant.  *Id.* at 1345.  The Court concluded that "this is not a situation where substantially the same facts would have been adduced at separate trials.  Since a nexus between each offense charged in the indictment was absent, we cannot say, on these facts, that the five robberies each arose out of the same series of acts or transactions." *Id.*

Counts 3 through 7, charging Defendant Costanzo with money laundering, are entirely distinct from the counts alleging that Costanzo and Dr. Steinmetz operated an unlicensed money transmission business.  The basis for the money laundering counts is

that the undercover agent represented to Costanzo that the money he was using to purchase bitcoin from Costanzo was the proceeds of unlawful activity – specifically, drug transactions. Each of the transactions underlying the money laundering charges in counts 3 through 7 were transactions that occurred between Costanza and the undercover agent; none were transactions in which Dr. Steinmetz participated.[1]

Not only are these transactions in which Dr. Steinmetz did not participate, but in the single instance (March 8, 2016) when the undercover agent suggested to Dr. Steinmetz that the proceeds were from drug transactions, Dr. Steinmetz adamantly refused to engage in that transaction with that undercover agent and refused to have any future dealings with him.[2] Moreover, Costanzo counseled a different undercover agent that he should not tell Dr. Steinmetz that the funds with which he wanted to purchase bitcoin came from drug transactions because Dr. Steinmetz would refuse to complete the transaction.[3] Thus, proof of whether Costanzo knew that the proceeds referred to in counts 3 through 7 were derived from illegal activity and whether Costanzo intended to avoid a transaction reporting requirement have nothing to do with Dr. Steinmetz (who demonstrably did not know of any illegal source of money) or whether Dr. Steinmetz and Costanzo operated an unlicensed money transmitting business. And, as in *Satterfield*, the evidence adduced at a trial on counts 3 through 7 would be irrelevant to Counts 1 and 2 –

---

[1] On November 21, 2015, at an informal bitcoin meetup attended by bitcoin enthusiasts, the undercover agent conducted separate purchases of bitcoin from Costanzo ($5,000) and Dr. Steinmetz ($2,000). Dr. Steinmetz affirmed twice that day with the undercover agent that the undercover was Costanzo's customer and left the informal meeting while the undercover was still in the process of separately buying bitcoin from Costanzo. Costanzo was charged in Count 5 with money laundering, based on this transaction; for every other money laundering count (3, 4, 6 and7) Dr. Steinmetz was not present when Costanzo conducted his transactions with the undercover agent.

[2] Transcript of March 8, 2016, attached as Exhibit 6 to Doc. 51 ("I cannot do any deals which involve an illegal activity"; stating that he would not violate "federal money laundering laws").

[3] Transcript of April 20, 2017, attached as Exhibit 8 to Doc. 51 (Costanzo stated that had Dr. Steinmetz heard that the source of funds was illegal drug money, that would be the "end of the meeting" for Dr. Steinmetz).

whether Dr. Steinmetz and Costanzo operated a money transmitting business and whether that business was required to have a license.

Count 8 involves Costanzo's previous conviction and the allegation that he possessed 60 rounds of ammunition. There is no conceivable connection between this charge and Dr. Steinmetz or the charges pending against him. All facts relating to this charge are irrelevant to the unlicensed money transmission charges.

While it is true that joinder is liberally construed, it is not permitted where there is no logical connection among the joined counts, as is the case here. There must be a factual or logical relation among the offenses. In *Satterfield*, the Ninth Circuit found severe prejudice to a defendant where joinder of multiple counts resulted in the jury being presented with extensive evidence of other crimes committed by co-defendants and determined that jury instructions could not cure this prejudice. 548 F.2d at 1345-47 "[M]ere similarity in the manner in which several offenses are carried out a similar 'modus operandi' is insufficient by itself to justify joinder under rule 8(b), absent some factual or logical relation among those offenses." *Id.* at 1345.

There is no allegation that Dr. Steinmetz participated in the same acts or transactions constituting the offenses charged in counts 3 through 8. The risk to Dr. Steinmetz in being tried in a case alleging money laundering and felon in possession is significant. The nature of the charges against Dr. Steinmetz are regulatory – he is alleged to have engaged in a business without obtaining a license. The nature of counts 3 through 8 are that the funds involved came from illegal drug transactions and that the persons involved are criminals with criminal history. Associating Dr. Steinmetz with the very serious criminal conduct alleged in Counts 3 through 8 changes the character of the case from being regulatory in nature – the failure to obtain a license before engaging in money transmitting. Thus, even if the court were to conclude that severance is not required under 8(b), it would separately be warranted under Rule 14, which permits the Court to order separate trials of counts to eliminate prejudice. Fed. R. Crim. P. 14 ("If the joinder of offenses . . . appears to prejudice a defendant or the government, the court

may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires").

In deciding whether to sever properly joined defendants, the court must weigh the potential for prejudice against the concern for judicial economy. *United States v. Kennedy*, 564 F.2d 1329, 1334 (9th Cir. 1977). In *United States v. Donaway*, 447 F.2d 940, 943 (9th Cir. 1971), the Ninth Circuit found that the district court abused its discretion in denying severance after motions under both Rule 8(b) and Rule 14. The *Donaway* court observed that, of the 2300 pages of trial transcript, only 50 touched on Donaway's conduct (as opposed to his co-defendants' unrelated actions), and found "it impossible to conclude . . . that [Donaway] was not severely prejudiced by the evidence relevant only to the co-defendants." *Id.* Here, the prejudice inherent in associating Dr. Steinmetz's conduct with his co-defendant's entirely different—and far more serious—conduct is manifest.

**Conclusion**

Because counts 1 and 2 charging Dr. Steinmetz and Defendant Costanzo with violating 18 U.S.C. § 1960 and conspiring to do so in violation of 18 U.S.C. § 371 have nothing to do with the money laundering and felon in possession charges alleged in counts 3 through 8, the Court should order separate trials of counts 1 and 2 and counts 3 through 8.

RESPECTFULLY SUBMITTED on November 1, 2017.

MITCHELL | STEIN | CAREY | CHAPMAN, PC

By: /s/ Lee Stein
    Lee Stein
    Attorneys for Defendant

I certify that on November 1, 2017, I electronically transmitted a PDF version of this document to the Clerk of Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Clerk's Office
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

Matthew Binford
Fernanda Carolina Escalante Konti
Assistant U.S. Attorneys
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, AZ 85004
Attorneys for Plaintiff


/s/ Julie Greenwood